UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| AMERICAN SELECT INSURANCE COMPANY, <br><br> PLAINTIFF <br><br> VS. <br><br> AUTO-OWNERS INSURANCE COMPANY, <br><br> SERVE: AUTO-OWNERS <br> 6101 ANACAPRI BLVD. <br> LANSING, MI 48917-3999 <br><br> SERVE: TN SECRETARY OF STATE <br> DIVISION OF BUSINESS <br> SERVICES SUMMONS DEPT. <br> 312 ROSA L. PARKS AVE., <br> 6TH FLOOR <br> NASHVILLE, TN 37243 <br><br> DEFENDANT | **CASE NO. 24C____** <br><br> JURY DEMAND |

## COMPLAINT FOR DECLARATORY JUDGMENT

The Plaintiff, American Select Insurance Company, by counsel, and for its Complaint for Declaratory Judgment against the Defendant, Auto-Owners Insurance Company, states the following:

1. In accordance with Fed. R. Civ. P. 57, 28 U.S.C. §§ 2201-2202 *et seq.*, and Tenn. Code Ann. § 29-14-101 *et seq.*, this Court has the power and authority to grant or issue judgments for declaratory relief in cases over which it has jurisdiction, or the Court deems declaratory relief to be appropriate.

2. The Plaintiff, American Select Insurance Company (hereinafter "American Select"), is an Ohio corporation with its principal place of business in the State of Ohio that is authorized to do, and does, transact business in the State of Tennessee. American Select is deemed a resident of Ohio for jurisdictional purposes.

3. The Defendant, Auto-Owners Insurance Company (hereinafter "Auto-Owners") is a Michigan corporation with a principal place of business in the State of Michigan that is authorized to do, and does, transact business in the State of Tennessee. Auto-Owners is deemed a resident of Michigan for jurisdictional purposes.

4. A substantial portion of the events giving rise to this claim occurred in Hamilton County, Tennessee.

5. The amount in controversy exceeds the jurisdictional minimum of this Court.

6. This Court has personal jurisdiction over the Defendant.

7. Venue is proper in this Court, as the events, acts, and/or omissions that form the basis of this Complaint occurred substantially within Hamilton County, Tennessee.

## **FACTS**

8. This case concerns insurance coverage for the claim of Lisa Davis, who asserted claims against Benjamin Baxley and Lori Powell arising from a November 18, 2023, motor vehicle accident in which Ms. Davis claims Mr. Baxley struck her with the vehicle he was operating, a 2015 Honda Accord, which was then owned by his mother-in-law, Ms. Powell.

9. The motor vehicle accident allegedly occurred on Wilson Avenue, Walden, Hamilton County, Tennessee.

10. American Select issued a Wespak Estate Policy of insurance, which included auto liability coverage, to Frank & Lori Powell, policy no. WNE 7985305, with effective period of

2

November 30, 2022, to November 30, 2023, (hereinafter "the American Select primary policy"). A copy of the American Select primary policy is attached hereto as **Exhibit A.**

11. American Select issued a Personal Umbrella Policy of insurance to Frank & Lori Powell, policy no. UXP 7985420, with effective period of November 30, 2022, to November 30, 2023 (hereinafter "the American Select umbrella policy"). A copy of the American Select umbrella policy is attached hereto as **Exhibit B.**

12. The 2015 Honda Accord which Mr. Baxley was driving at the time of the Accident was listed on the American Select policy.

13. Auto-Owners issued an Automobile Policy of insurance to Benjamin Baxley and Emily Baxley, policy no. 54-601-488-00, with effective period of July 7, 2023, to July 7, 2024, (hereinafter "the Auto-Owners primary policy"). A copy of the Auto-Owners primary policy is attached hereto as **Exhibit C.**

14. Auto Owners issued an Umbrella Policy of insurance to Benjamin Baxley and Emily Baxley, policy no. 54-601-488-01, with effective period of July 7, 2023, to July 7, 2024 (hereinafter "the Auto-Owners umbrella policy"). A copy of the Auto-Owners umbrella policy is attached hereto as **Exhibit D.**

15. On November 18, 2023, in Walden, Tennessee, Benjamin Baxley was operating the 2015 Honda Accord owned by Lori Powell and listed on American Select's primary and umbrella policies, when he allegedly struck Lisa Davis, a pedestrian (hereinafter the "Accident").

16. Lisa Davis claimed to have suffered bodily injury as a result of the Accident.

17. A claim arising from the Accident was submitted to American Select on behalf of Frank & Lori Powell and Benjamin and Emily Baxley, and a request was made for indemnity and a defense under the American Select primary and umbrella policies

18. On information and belief, a claim arising from the Accident was submitted to Auto-Owners on behalf of Frank & Lori Powell and Benjamin and Emily Baxley, and a request was made for indemnity and a defense under the Auto-Owners primary and umbrella policies

19. Auto-Owners admitted that the claim was covered by the Auto-Owners primary policy.

20. For example, via email dated May 8, 2024, Shawn Butler of Auto-Owners communicated to Lisa Kotsonas of American select that the claim was covered by the Auto-Owners policy and discussed the priority of coverage between the Auto Owners and American Select policies, stating, "We are taking the position that [American Select] is primary for the first $25k, but then we should be pro rata for the remainder as the policies indicate they are excess after that." A copy of that email is attached hereto as **Exhibit E.**

21. American Select assigned defense counsel to defend the Baxleys and the Powells.

22. Auto-Owners undertook the defense of the Baxleys and/or the Powells and assigned defense counsel but did not issue a reservation of rights.

23. On behalf of their respective insureds, American Select and Auto Owners agreed to participate in mediation of Lisa Davis's claim, and mediation was scheduled for November 4, 2024.

24. However, on November 1, 2024, three days before mediation, Tami Price of Auto-Owner sent an email to defense counsel retained by American Select, stating for the first time that Auto-Owners would not participate in mediation "due to a potential coverage issue." A copy of that email is attached hereto as **Exhibit F.**

4

25. The email further stated that Auto-Owners was "assigning a coverage attorney to review but [did] not anticipate [it would] be able to make a coverage determination before the statute [of limitations] expires on November 18, 2024."

26. On November 4, 2024, Auto-Owners addressed a letter to Benjamin Baxley in which Auto-Owners stated it was "investigating these facts" and was "handling this claim under a Reservation of Rights[.]" The letter did not state that there may be no coverage under Auto-Owners' policy, did not state that Auto-Owners reserved the right to deny coverage for the claim, and did not advise Mr. Baxley that the defense which Auto Owners was providing may be withdrawn.

27. Due to Auto-Owners' last-minute withdrawal from mediation, a tolling agreement was entered, and mediation was rescheduled to March 5, 2025.

28. On March 4, 2025, for the first time, nearly sixteen months after the Accident, ten months after Shawn Butler's email representing to American Select that the claim was covered, and only one day before the rescheduled mediation, Auto-Owners issued a letter to Benjamin Baxley denying coverage.

29. On March 5, 2025, defense counsel assigned by American Select attended mediation. A Confidential Settlement Agreement was reached, in which Lisa Davis resolved all of her claims against the Powells and the Baxleys for an amount in excess of $75,000. The Confidential Settlement Agreement expressly reserved Westfield's right to seek subrogation against Auto-Owners.

5

Case 1:25-cv-00333-CLC-CHS   Document 1   Filed 10/22/25   Page 5 of 9   PageID #: 5

## COUNT I – Coverage under Auto-Owners policies

30. American Select re-alleges, re-avers, reiterates, and incorporates by reference as if set forth fully herein, each and every averment contained within the preceding paragraphs of this Complaint for Declaratory Judgment.

31. The Auto-Owners policy afforded coverage for Lisa Davis's claims arising from the Accident, and Auto-Owners had obligations of defense and indemnity for such claims.

32. In fact, the position Auto-Owners took, via its claims representative, Shawn Butler, was the correct priority of coverage: Pursuant to its primary auto liability coverage, American Select was responsible for the first $25,000 paid toward the Settlement of claims arising from the Accident. Subsequently, the American Select and Auto-Owners primary auto coverage shared coverage on a pro rata basis.

33. Auto-Owners must reimburse American Select for the portion of the Settlement which exceeds $25,000, on a pro rata basis.

## COUNT II – Waiver

34. American Select re-alleges, re-avers, reiterates, and incorporates by reference as if set forth fully herein, each and every averment contained within the preceding paragraphs of this Complaint for Declaratory Judgment.

35 Even if the Auto-Owners policy did not, by its terms, afford coverage for the claims arising from the Accident, Auto-Owners voluntarily relinquished its right to deny coverage, which it knew or should have known, by express declaration and/or acts and declarations manifesting an intent and purpose not to deny coverage.

36. Auto-Owners waived the right to deny coverage.

37. Auto-Owners must reimburse American Select for the portion of the Settlement which exceeds $25,000 on a pro rata basis.

## COUNT III – Equitable subrogation

38. American Select re-alleges, re-avers, reiterates, and incorporates by reference as if set forth fully herein, each and every averment contained within the preceding paragraphs of this Complaint for Declaratory Judgment.

39. American Select agreed to fund the Settlement of Lisa Davis's claim arising from the Accident subject to a complete reservation of rights, including the right to seek subrogation against Auto-Owners.

40. American Select has no obligation to pay those portions of the Settlement which are covered by Auto-Owners' policy, either pursuant to the policy's express terms or due to waiver or estoppel.

41. American select is entitled to a proper allocation of coverage, indemnification, subrogation, and/or equitable contribution with respect to the amounts it paid to fund the Settlement of Lisa Davis's claim arising from the Accident

## COUNT IV – Reservation of all other coverage arguments

42. American Select re-alleges, re-avers, reiterates, and incorporates by reference as if set forth fully herein, each and every averment contained within the preceding paragraphs of this Complaint for Declaratory Judgment.

43. American Select reserves the right to assert any provision of the Auto-Owners policy, including, but not limited to, the terms, conditions, and/or other policy provisions not specifically set forth herein which may give rise to coverage for Lisa Davis's claim under the Auto-Owners policy.

7

44. American Select reserves the right to assert any term, condition, exclusion, and/or other provision of any insurance policy issued to Benjamin and Emily Baxley and/or Donald and Lori Powell as it may be applicable to any claim arising out of the facts of this litigation by any individual and/or entity.

WHERFEFORE, the Plaintiff, American Select Insurance Company, prays the Court as follows:

1. For entry of a Declaratory Judgment from this Court, declaring that the policy of insurance issued by the Defendant, Auto-Owners Insurance Company, affords indemnity for the claims of Lisa Davis against Benjamin Baxley, Emily Baxley, Donald Powell, Lori Powell, and/or any other individuals against whom the underlying tort claim for any damages was asserted or otherwise relate to Lisa Davis's claims;

2. In the alternative, to the extent it is determined there is no coverage under the terms of the Auto-Owners policy, for entry of a Declaratory Judgment from this Court, declaring that Auto-Owners must indemnify American Select for the Settlement of Lisa Davis's claims, pursuant to the doctrine of waiver;

3. For entry of judgment against Auto-Owners in favor of American Select for equitable subrogation of $337,500, plus pre-judgment and post-judgment interest.

4. For an award of its costs sustained herein, including reasonable attorneys' fees (if applicable);

5. For trial of this cause by Jury; and,

6. And for any and all other just and proper relief to which this Court may deem it is entitled.

Respectfully submitted,

RICHARDSON LAW GROUP, PLLC


*/s/ Elizabeth M. Bass*
Elizabeth M. Bass (TN BPR 035570/ KBA 92461)
700 East Main Street, Suite 201
Hendersonville, Tennessee 37075
Telephone: (615) 919-9090
Facsimile: (859) 219-9292
Email: Elizabeth@RichardsonLawGrp.com
COUNSEL FOR PLAINTIFF

7202.008378C:\NRPortbl\Golden_and_Walters\KIM\2733628_1.DOCX

9

Case 1:25-cv-00333-CLC-CHS    Document 1    Filed 10/22/25    Page 9 of 9    PageID #: 9